JPL/JB:ekd        Attorney No. 33179        9-188-8-22

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 99 C 7355 |
| ) | Judge Warren |
| UPRIGHT, INC., a California Corporation and ) | Urban |
| HORIZON HIGH REACH, INC., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| HORIZON HIGH REACH, INC., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UPRIGHT, INC., a California Corporation, ) | |
| ) | |
| Cross-Defendant. ) | |

**FILED** OCT -9 2002

DOCKETED OCT 1 1 2002

FILED FOR DOCKETING ED-7
02 OCT -9 PM 3:21
CLERK U.S. DISTRICT COURT

### NOTICE OF FILING

TO:    All Counsel of Record
        (See Attached Service List)

     **PLEASE TAKE NOTICE** that on the 9th day of October, 2002, there was filed with the Clerk of the Court, on behalf of Defendant, HORIZON HIGH REACH & EQUIPMENT, INC., its **MOTION FOR LEAVE TO FILE CROSSCLAIM FOR CONTRIBUTION** and this **NOTICE OF FILING.**

                          CREMER, KOPON, SHAUGHNESSY & SPINA, LLC

                          By _____
                                  One of its Attorneys

49

## SERVICE LIST

Mr. Matthew L. Willens
Rapoport Law Offices, P.C.
20 N. Clark Street
Suite 3500
Chicago, Illinois 60602

Philip W. Domagalski
Kralovec & Marquard, Chtd.
122 South Michigan Avenue
Chicago, Illinois 60603

Dale G. Wills
Swanson, Martin & Bell
One IBM Plaza, Suite 2900
Chicago, IL 60611

File No. 9-188-8-22

John P. Lynch, Jr
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
180 N. LaSalle, Suite 3300
Chicago, IL 60606

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that she served the foregoing Notice of Filing and the documents referred to therein by mailing a copy to each person identified on the attached Service List on the 9th day of October, 2002, at Chicago, Illinois.

_[signature]_

Subscribed and sworn to before me
on this 9th day of October, 2002.

_[signature]_
NOTARY PUBLIC

Nof-5.doc

2

JPL/JTB        Attorney No. 33179        9-188-8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 99 C 7355 |
| ) | |
| UPRIGHT, INC., a California Corporation and ) | Judge Warren Urbom |
| HORIZON HIGH REACH, INC., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| HORIZON HIGH REACH, INC., a Deleware ) | |
| Corporation, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUND & STAGECRAFT, INC., an Illinois ) | |
| Corporation, ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ ) | |
| HORIZON HIGH REACH, INC., a Deleware ) | |
| Corporation, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UPRIGHT, INC., a California Corporation, ) | |
| ) | |
| Cross-Defendant. ) | |



DOCKETED OCT 11 2002

FILED FOR DOCKETING
02 OCT -9 PM 3:21
CLERK
U.S. DISTRICT COURT

### MOTION FOR LEAVE TO FILE
### CROSSCLAIM FOR CONTRIBUTION

Defendant/Cross-Plaintiff, HORIZON HIGH REACH, INC, by and through its attorneys, John P. Lynch, Jr., and CREMER, KOPON, SHAUGHNESSY & SPINA,

49

LLC, moves this Honorable Court for leave to file *instanter* the attached Crossclaim for Contribution against Defendant UPRIGHT, INC.

                                          Respectfully submitted,

                                          _____
                                          One of the Attorneys for Defendant/Cross-Plaintiff
                                          HORIZON HIGH REACH, INC.

John P. Lynch, Jr.
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant/Cross-Plaintiff, HORIZON HIGH REACH, INC.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60606
312/726-3800

JPL/JTB                  Attorney No. 33179                 9-188-8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD, <br><br> Plaintiffs, <br><br> v. <br><br> UPRIGHT, INC., a California Corporation and HORIZON HIGH REACH, INC., a Delaware Corporation, <br><br> Defendants. | No. 99 C 7355 |
| HORIZON HIGH REACH, INC., a Deleware Corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SOUND & STAGECRAFT, INC., an Illinois Corporation, <br><br> Third-Party Defendant. | |
| HORIZON HIGH REACH, INC., a Deleware Corporation, <br><br> Crossplaintiff, <br><br> v. <br><br> UPRIGHT, INC., a California Corporation, <br><br> Crossdefendant. | |

## **CROSSCLAIM FOR CONTRIBUTION**

Defendant/Crossplaintiff, HORIZON HIGH REACH, INC., (hereafter "HORIZON"), a Delaware Corporation, through its attorneys, CREMER, KOPON, SHAUGHNESSY & SPINA, LLC, complains of Crossdefendant, UPRIGHT, INC., (hereafter "UPRIGHT") as follows:

1.  The Plaintiffs, DONALD DEWITT and RICK CONRAD, have filed a Complaint against Defendants, UPRIGHT and HORIZON, seeking damages and other relief for an allegedly defective scissors lift (hereafter "the Lift") they used while in the employ of Sound & Stagecraft, Inc. (A copy of Plaintiffs' First Amended Complaint is attached hereto and incorporated herein as **Exhibit "A"**).

2.  The Lift was designed and manufactured by UPRIGHT.

3.  HORIZON neither designed nor manufactured the Lift.

4.  Sound & Stagecraft, Inc., rented the Lift from HORIZON.

5.  The Lift was in the same condition when rented to Sound & Stagecraft, Inc., as it was when HORIZON received it from UPRIGHT.

6.  At all times as alleged in the Plaintiffs' First Amended Complaint, UPRIGHT had a duty to exercise reasonable care in inspecting and maintaining the Lift rented to HORIZON.

7.  Without waiving its prior denials, HORIZON, alleges that UPRIGHT breached the aforesaid duty and was then and there guilty of one or more of the following negligent acts and/or omissions:

    (a) Failed to properly inspect the Lift;

    (b) Failed to warn users of the dangerous nature of the Lift;

    (c) Failed to properly maintain the Lift in a safe and reasonable manner;

    (d) Failed to properly design the Lift so that it was properly stable under anticipated operating conditions;

    (e) Was otherwise careless and negligent.

8. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of UPRIGHT, Plaintiffs were injured.

9. One or more of the foregoing negligent acts and/or omissions of UPRIGHT, was the sole proximate cause of the Plaintiffs' injuries as alleged in their First Amended Complaint at Law.

10. UPRIGHT, is liable for the injuries that the Plaintiffs have sustained due to the aforesaid negligent acts and/or omissions.

11. At all times relevant to the present action, there was in effect a certain statute known as the Contribution Among Joint Tortfeasors Act, 740 ILCS 100.01, *et seq.*

12. In the event it should be found that the HORIZON is liable to the Plaintiffs, DONALD DEWITT and RICK CONRAD, for the injuries alleged in the First Amended Complaint at Law, which HORIZON has denied and continues to deny, then the acts and/or omissions of UPRIGHT, were the proximate cause of said injuries. Therefore, HORIZON is entitled to contribution from the UPRIGHT.

WHEREFORE, the Defendant, HORIZON HIGH REACH, INC., pray that if judgment be entered in favor of the Plaintiffs, DONALD DEWITT and RICK CONRAD, as alleged in their First Amended Complaint at Law and against the Defendant/Cross-Plaintiff, HORIZON HIGH REACH, INC., that judgment also be entered against the Defendant/Cross-Defendant, UPRIGHT, INC., and in favor of the Defendant/Cross-Plaintiff, HORIZON HIGH REACH, INC., in such amount, by way of contribution, as would be commensurate with the degree of misconduct attributable to the

Defendant/Cross-Defendant, UPRIGHT, INC., in causing the injuries of the Plaintiffs, DONALD DEWITT and RICK CONRAD, and to the extent permitted by law.

                                                Respectfully submitted,

                                                /s/ *signature*

                                      One of the Attorneys for Defendant/Cross-Plaintiff
                                      HORIZON HIGH REACH, INC.

John P. Lynch
Jeremy T. Burton
CREMER, KOPON, SHAUGHNESSY & SPINA, LLC
Attorneys for Defendant/Cross-Plaintiff, HORIZON HIGH REACH, INC.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60606
312/726-3800

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 99 C 7355 |
| ) | |
| UPRIGHT, INC., a California Corporation and ) | JUDGE ANDERSEN |
| HORIZON HIGH REACH, INC., a Delaware ) | MAGISTRATE GUZMAN |
| Corporation ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Donald Dewitt and Rick Conrad, by their attorneys, Rapoport Law Offices, P.C., complaining of the Defendants, UpRight, Inc. and Horizon High Reach, Inc., states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Donald Dewitt is a citizen of the state of Illinois.

2. Plaintiff Rick Conrad is a citizen of the state of Illinois.

3. UpRight, Inc. is a California corporation with its principal place of business in California that does business in Illinois.

4. Horizon High Reach, Inc. is a Delaware corporation with its principal place of business in California that does business in Illinois.

5. The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

6. Therefore, this court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. The plaintiffs and the defendants reside in this judicial district. Therefore, venue is appropriate pursuant to 28 U.S.C. § 1391 (a)(1) and (b)(1).


EXHIBIT A

## GENERAL ALLEGATIONS

8. Before October 3, 1997, the defendant UpRight, Inc. did design, manufacture and sell a scissors lift in the ordinary course of business known as the UpRight Scissor MX19 (hereafter "the lift").

9. On or before October 3, 1998, the defendant Horizon High Reach, Inc. did rent the lift to Sound and Stagecraft, the plaintiffs' employer.

10. On October 3, 1997, Plaintiffs Donald Dewitt and Rick Conrad were utilizing the lift for its ordinary and intended purposes when it tipped over which resulted in the plaintiffs falling to the floor and sustaining serious injuries.

## COUNT I
### (Strict Liability - Donald Dewitt v. UpRight, Inc.)

11. Plaintiff Donald Dewitt incorporates the general allegations by reference.

12. It was the duty of UpRight, Inc. to design, manufacture and distribute the lift in a reasonably safe condition, yet, notwithstanding said duty, UpRight, Inc. through its agents, servants employees designed, manufactured and distributed the lift in an unreasonably dangerous condition in that:

    (a) It could tip over during ordinary use;

    (b) It was not safe to use for its intended purpose;

    (c) It was defective as designed;

    (d) It was defective as manufactured; and

    (e) It was defective due to inadequate warnings and instructions.

13. As a direct and proximate result of one of the aforementioned unreasonably dangerous conditions, which were present when the lift left the control of UpRight, Inc.,

Plaintiff, Donald Dewitt, did suffer serious injuries of a personal and pecuniary nature, including medical expenses, wage loss, pain and suffering, disability, loss of a normal life and disfigurement. These losses have incurred in the past and will be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, Plaintiff, Donald Dewitt, requests that judgment be entered in his favor and against the defendant, UpRight, Inc., in an amount established by the jury for all damages allowed by law.

## COUNT II
### (Negligence - Donald Dewitt v. Horizon High Reach, Inc.)

14. Plaintiff Donald Dewitt incorporates the general allegations by reference.

15. Horizon High Reach, Inc. was guilty of negligence through its agents, servants or employees, in that it rented the lift:

    (a) Without properly training Donald Dewitt on how to use the lift;

    (b) When it could tip over during ordinary use;

    (c) Without adequate warnings and instructions for intended users of the lift.

16. As a direct and proximate result of one of the aforementioned negligent acts or omissions, Plaintiff, Donald Dewitt, did suffer serious injuries of a personal and pecuniary nature, including medical expenses, wage loss, pain and suffering, disability, loss of a normal life and disfigurement. These losses have incurred in the past and will be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, Plaintiff, Donald Dewitt, requests that judgment be entered in his favor and against the defendant, Horizon High Reach, Inc., in an amount established by the jury for all damages allowed by law.

## COUNT III
### (Negligence - Rick Conrad v. UpRight, Inc.)

17. Plaintiff Rick Conrad incorporates the general allegations by reference.

18. It was the duty of UpRight, Inc. to design, manufacture and distribute the lift in a reasonably safe condition, yet, notwithstanding said duty, UpRight, Inc. through its agents, servants employees designed, manufactured and distributed the lift in an unreasonably dangerous condition in that:

    (a) It could tip over during ordinary use;

    (b) It was not safe to use for its intended purpose;

    (c) It was defective as designed;

    (d) It was defective as manufactured; and

    (e) It was defective due to inadequate warnings and instructions.

19. As a direct and proximate result of one of the aforementioned unreasonably dangerous conditions, which were present when the lift left the control of UpRight, Inc., Plaintiff, Rick Conrad, did suffer serious injuries of a personal and pecuniary nature, including medical expenses, wage loss, pain and suffering, disability, loss of a normal life and disfigurement. These losses have incurred in the past and will be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, Plaintiff, Rick Conrad, requests that judgment be entered in his favor and against the defendant, UpRight, Inc., in an amount established by the jury for all damages allowed by law.

## COUNT IV

### (Negligence - Rick Conrad v. Horizon High Reach, Inc.)

20. Plaintiff Rick Conrad incorporates the general allegations by reference.

21. Horizon High Reach, Inc. was guilty of negligence through its agents, servants or employees, in that it rented the lift:

> (a) Without properly training Rick Conrad on how to use the lift;
>
> (b) When it could tip over during ordinary use;
>
> (c) Without adequate warnings and instructions for intended users of the lift.

22. As a direct and proximate result of one of the aforementioned negligent acts or omissions, Plaintiff, Rick Conrad, did suffer serious injuries of a personal and pecuniary nature, including medical expenses, wage loss, pain and suffering, disability, loss of a normal life and disfigurement. These losses have incurred in the past and will be incurred in the future. Some or all of these losses are permanent.

**WHEREFORE**, Plaintiff, Rick Conrad, requests that judgment be entered in his favor and against the defendant, Horizon High Reach, Inc., in an amount established by the jury for all damages allowed by law.

**WHEREFORE**, Plaintiff, Rick Conrad, requests that judgment be entered in his favor and against the defendant, UpRight, Inc., in an amount established by the jury for all damages allowed by law.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,

/s/ Matthew L. Willens

Matthew L. Willens

-5-

Rapoport Law Offices, P.C.
Attorneys for Plaintiffs
O'Hare International Center
10275 West Higgins Road, Ste., 370
Rosemont, IL 60018
(847) 803-9880
(847) 803-9881 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 99 C 7355 |
| ) | |
| UPRIGHT, INC., a California Corporation and ) | |
| HORIZON HIGH REACH, INC., a Delaware ) | |
| Corporation ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' NOTICE OF FILING

TO: Dale G. Wills, Esq.          Bruce H. Schoumacher, Esq.
    Wildman, Harold, Allen & Dixon    Querrey & Harrow
    225 W. Wacker Drive, Suite 2800   180 N. Stetson Avenue, Suite 3500
    Chicago, IL 60606                 Chicago, IL 60601

PLEASE TAKE NOTICE that the attached Plaintiffs' First Amended Complaint will be filed with the Clerk of the Court for the United States District Court for the North District of Illinois, Eastern Division, on the 21st day of December, 1999.

_____
Matthew L. Willens

Rapoport Law Offices, P.C.
Attorneys for Plaintiffs
O'Hare International Center
10275 West Higgins Road, Ste., 370
Rosemont, IL 60018
(847) 803-9880
(847) 803-9881 (fax)

### PROOF OF SERVICE

I, the undersigned, a non-attorney, hereby certify that I served copies of this Notice with attachments on all interested parties therein in this action by placing a copy thereof enclosed in a sealed envelope with postage thereon fully pre-paid on or before 5:00 p.m. in the U.S. Mail at Rosemont, Illinois, this 20th day of December, 1999.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DONALD DEWITT and RICK CONRAD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 99 C 7355 |
| ) | |
| UPRIGHT, INC., a California Corporation and ) | |
| HORIZON HIGH REACH, INC., a Delaware ) | |
| Corporation ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 20th day of December, 1999, I served a copy of Plaintiffs' first Amended Complaint by mailing a copy to the following:

Dale G. Wills, Esq.                    Bruce H. Schoumacher, Esq.
Wildman, Harold, Allen & Dixon         Querrey & Harrow
225 W. Wacker Drive, Suite 2800        180 N. Stetson Avenue, Suite 3500
Chicago, IL 60606                      Chicago, IL 60601

by depositing same in the U.S. Mail, postage prepaid, at Rosemont, Illinois, on or before 5:00 p.m.

_____

SUBSCRIBED & SWORN TO
before me, this 20th
day of December, 1999.

_____
NOTARY PUBLIC